**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 15-30092 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-00007-DWM-1 |
| v. | |
| **SHANE STEVEN WHITE,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted February 1, 2016
Seattle, Washington

Before:     **KOZINSKI** and **O'SCANNLAIN**, Circuit Judges, and **ORRICK**,[**]
District Judge.

**1.** White's five-month term of home confinement does not count as

"imprisonment" for purposes of calculating his post-revocation supervised release

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable William Horsley Orrick III, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

under 18 U.S.C. § 3583(h) (2002). Section 3583(h) requires courts to credit only the aggregate terms of imprisonment previously "imposed upon revocation" of a defendant's supervised release. Because the district court ordered home confinement upon a modification of supervised release—not a revocation—the five-month period falls outside the scope of § 3583(h), no matter whether home confinement amounts to imprisonment. Accordingly, the district court was correct in not subtracting the home-confinement period from the maximum term of supervised release when calculating the length of White's post-revocation supervised release term.

**2.** The district court did not err in failing to consider as an additional term of imprisonment the two months White spent in detention pending sentencing on his revocation of supervised release. The Bureau of Prisons will credit the two months as part of White's total ten-month sentence of imprisonment upon revocation. See 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 333 (1992) (holding that the Attorney General, and not the district court, has the authority to calculate and award jail-time credit); see also United States Sentencing Guidelines Manual § 7B1.3 App. Note 3 (2015) (explaining that the Bureau of Prisons credits detention toward a term of imprisonment imposed upon revocation).

**AFFIRMED.**